Robert R. Ahdoot (SBN 172098)
radoot@ahdootwolfson.com
AHDOOT & WOLFSON, PC
10728 Lindbrook Drive
Los Angeles, California 09924
Tel: (310) 474-9111 / Fax: (310) 474-8585

*Counsel for Plaintiffs Kevin Sanders and Kelly Kingston*

Ryan E. Cosgrove, Bar No. 277907
ryan.cosgrove@nelsonmullins.com
NELSON MULLINS RILEY & SCARBOROUGH LLP
19191 South Vermont Avenue, Suite 900
Torrance, California 90502
Tel: (424) 221-7400 / Fax: (424) 221-7499

*Counsel for Defendant FCA US LLC*

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

KEVIN SANDERS and KELLY KINGSTON, individually and on behalf of similarly situated individuals,

Plaintiffs,

v.

FCA US LLC,

Defendant.

Case No. 8:19-cv-01365-JVS-KES

Hon. James V. Selna
Magistrate Judge Karen E. Scott

**ORDER RE**
**STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIALITY AND RETURN OF DOCUMENTS**

**[DISCOVERY MATTER]**

///
///
///

The Parties agree that during the course of discovery it may be necessary to disclose certain confidential and proprietary information relating to the subject matter of the above-captioned action ("Action"). They agree that such information should be treated as confidential, protected from disclosure outside this litigation, and used only for purposes of prosecuting or defending this Action and any appeals. Accordingly, the Parties have jointly requested the entry of this Stipulated Protective Order Regarding Confidentiality and Return of Documents ("Order") to govern—and limit—the disclosure, use, and dissemination of that information.

In support of their request, the Parties assert that protection of certain information is necessary because of its proprietary and competitively valuable nature. The disclosure of such information would, among other things, allow competitors in the economic marketplace to unfairly gain insight into certain manufacturing processes, analyses, and procedures that a competitor could use to refine its own processes, procedures, and products, giving it a competitive advantage that would come not from the competitor's own ingenuity, intellect, and engineering efforts, but from the unfair and improper disclosure of confidential and proprietary information to the public at large. For these and other reasons, the Parties have a specific, serious, and substantial interest in protecting the confidential and proprietary information contained within the discovery materials exchanged in this matter.

For good cause shown, and upon their stipulation, the Court grants the Parties' request and hereby enters this Order, which shall direct the handling of documents, depositions, deposition exhibits, information or things disclosed or produced in response to requests for production of documents, answers to interrogatories, responses to requests for admissions, and any other information or material that is produced, given, or exchanged by or among the Parties and any non-parties, whether by formal process, agreement, or otherwise, in connection with this Action.

Any party or non-party may designate information, documents, or things as confidential under the following terms and conditions:

**1. Scope.** In connection with discovery furnished by any of the parties in the Action (or any of their present and former directors, officers, employees, and agents), any party may designate any document, material, or information (hereinafter "document") as "Confidential" under this Order if that party and its counsel in good faith believe that the designation is appropriate because the document contains or reflects trade secrets or other confidential research and development; financial or commercial information; or an individual's personal information. Documents designated as "Confidential" shall be limited to documents that have not been made public and that the designating party in good faith believes will, if disclosed, cause harm in some manner to the disclosing party's business, competitive position, or privacy interests.

**2. Designating Protected Material.** Documents that are "Confidential" may be so designated by labeling the documents with the term "Confidential" prior to their production. Similarly, documents produced on DVD, CD, or other media may be designated as "Confidential" by labeling the media as "Confidential" or placing the electronic file in a folder labeled "Confidential." Labeling the cover of any multi-page document as "Confidential" shall so designate all pages of the document unless otherwise indicated by the designating party. Within four weeks of receiving a deposition transcript, any party may designate any or all portions of it as "Confidential" by written notice served on the opposing party identifying the pages or lines that are to be afforded "Confidential" treatment. During the four week period following its receipt, the deposition transcript shall be treated as "Confidential" unless otherwise agreed to by the parties. Alternatively, a party may designate all or any part of a deposition as "Confidential" by stating on the record during the deposition that all or part of the deposition should be so treated. The term "document" as used throughout this Order includes any deposition transcript.

**3. Inadvertent Failure to Designate.** The production by any party of any "Confidential" documents during this Action without a "Confidential" designation shall be without prejudice to any claim that such material should be treated as "Confidential." That party shall not be held to have waived any rights by such production or disclosure. In the event that such production occurs, counsel for the producing party may designate the documents as "Confidential." The receiving party shall make every reasonable effort to preserve the confidential nature of such documents and to obtain compliance with this Order from any person to whom the documents were disclosed.

**4. Inadvertent Disclosure of Confidential Documents Covered by Attorney-Client Privilege or Work Product.** The inadvertent disclosure or production of any document or information that is subject to a claim of attorney-client privilege, work product protection, or any other ground on which the production of such information should be withheld will in no way prejudice or otherwise constitute a waiver of, or estoppel as to, such claim of privilege, work product protection, or any other ground for withholding production that the producing party would otherwise be entitled to. All facially privileged or work product documents inadvertently produced shall be returned or destroyed promptly when discovered with notice to the producing party. All other inadvertently produced privileged or protected documents shall be returned or destroyed promptly upon the request of the producing party. Upon receiving such a request, the receiving party must return the documents to the producing party, or confirm the destruction of the documents, within two business days, regardless of whether the receiving party agrees with the claim of privilege or protection. The provisions of this section constitute an order pursuant to Rules 502(d) and (e) of the Federal Rules of Evidence.

**5. Objections to a "Confidential" Designation.** In the event that any party objects to the designation of any document as "Confidential," that party may serve written notice on all parties specifying the documents it contends are

improperly designated. Within ten (10) days following service of written notice, the parties shall confer in an effort to resolve the objections in accordance with Local Rule 37-1. If the dispute is not resolved, the parties will follow the procedures set forth in Local Rule 37-2 to seek the Court's determination on whether the documents are Confidential. The specified documents shall continue to be treated as Confidential pending the Court's resolution of the dispute. The party seeking to designate the document(s) as "Confidential" shall have the burden to establish that the document(s) qualify as Confidential.

**6. Who May View Confidential Documents.** Documents designated as "Confidential" (including any Confidential information contained therein or any Confidential information that is utilized or placed in another document) may be disclosed or made available by the receiving party only to the following:

(a) the Court and its staff, including court reporters and translators;

(b) the parties' attorneys of record in the Action, as well as the attorneys, paralegals, and clerical and secretarial staff employed by and working for such attorneys;

(c) the parties and their officers, directors, in-house attorneys, and employees who are actively involved in the Action or who are otherwise necessary to assist the Parties' attorneys of record in the Action;

(d) court reporters transcribing depositions in the Action;

(e) any deposition, trial, or hearing witness in the Action, provided that the witness executes the form attached hereto as Exhibit A;

(f) an individual who has been retained by one of the parties in good faith to serve as an expert witness or consultant in connection with this Action (whether or not retained to testify at trial), including any person working directly under the supervision of any such expert witness or consultant, provided that prior to the disclosure of documents designated as "Confidential" to any expert witness or consultant, the

party making the disclosure shall deliver a copy of this Order to such person, shall explain its terms to such person, and shall secure the signature of such person on the form attached hereto as Exhibit A; and

(g) consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action, provided that any such person executes the form attached hereto as Exhibit A;

(h) any other person to whom the parties all agree in writing and who executes the form attached hereto as Exhibit A.

**7. General Protections.** Documents designated as "Confidential" and the information contained therein must not be disclosed to any person except in accordance with this Order and shall be used or disclosed solely for purposes of prosecuting or defending this Action, including any appeals, and not for any business, personal, or other purpose whatsoever. A party receiving a Confidential document must: (a) maintain the document and/or information in confidence using the same degree of care that the party would use in safeguarding its own confidential or proprietary information and/or that of its employer(s), but in no event less than a reasonable degree of care; (b) use the document and its information only for the purposes described herein; and (c) prevent the disclosure of the document and its information to third-parties, subject to the provisions and exceptions of this Order.

**8. Filing of Confidential Information.** In the event a party seeks to file any document or information with the Court that is designated by another as "Confidential" and/or otherwise subject to protection under this Order, the filing party must take appropriate action to ensure that the document/information receives proper protection from public disclosure, including: (a) filing a redacted document with the consent of the party who designated the document as "Confidential"; (b) where appropriate (*e.g.*, in connection with discovery and evidentiary motions), submitting the document solely for in camera review in accordance with Local Rule

79-6; or (c) when the preceding measures are inadequate, seeking permission to file the document or information under seal by filing an Application for Leave to File Under Seal in accordance with Local Rule 79-5, and shall concurrently transmit a copy of the Confidential document(s)/material(s) and the Application to the opposing and designating party (and, if applicable, any non-party that designated the document(s)/material(s) as "Confidential").

**9. Confidential Information Subpoenaed or Ordered Produced in Other Litigation.** If a party is served with a subpoena issued in other litigation that compels the disclosure of any document or information designated in this Action as "Confidential," that party must: (a) promptly notify the designating party in writing and contemporaneously provide a copy of the subpoena; (b) promptly notify in writing the party that caused the subpoena to issue in the other litigation that some or all of the documents or information sought by the subpoena is subject to this Order and contemporaneously provide a copy of this Order; and (c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose protected material may be affected. If the designating party timely seeks a protective order, the party served with the subpoena shall not produce any document or information designated "Confidential" before a determination by the court from which the subpoena was issued unless otherwise agreed to by the designating party. Nothing in this Order shall be construed as authorizing a party to disobey a lawful subpoena issued in other litigation.

**10. Protections Extended to a Third-Party's Confidential Information.** Any document produced by a non-party witness pursuant to a subpoena or otherwise in the Action may be designated as "Confidential" under this Order, and such designation shall have the same force and effect, and create the same duties, obligations, and remedies as if made by one of the Parties hereto.

**11. Use of Confidential Documents at a Hearing or Trial.** Nothing contained herein is intended to prevent a party from using Confidential documents

and/or information at a hearing or trial in this matter; however, the parties shall take steps at the appropriate time to protect the confidential nature of those documents/information. The use and treatment of such documents and information will be addressed by separate order.

**12. Return of Confidential Documents.** The parties and their counsel shall return to counsel for the producing party or third-party all Confidential documents and information produced in this Action and all copies thereof within thirty days after this Action concludes by settlement, final judgment, or final order, including all appeals. The parties and their counsel may agree in writing on appropriate alternative methods for the destruction of such documents. Within the same thirty day period, counsel shall supply to the producing party a copy of each form attached hereto as Exhibit A that was signed pursuant to paragraph 6 of this Order. Each counsel of record for the receiving party may retain only one archival copy of deposition exhibits, exhibits used in proceedings before the Court, documents included in submissions to the Court, and Confidential information to the extent it is included in such papers or reflected in that counsel's work product. In addition, within the same thirty day period, any documents filed with the Court under seal shall be destroyed, which will be preceded by an ex parte motion.

**13. Disclosure of Confidential Documents Pursuant to Law.** The production of Confidential documents or information by FCA US LLC shall not constitute a waiver of any privilege or other claim or right of withholding or confidentiality that it may have. The terms of this Order do not preclude FCA US LLC from providing Confidential and/or protected information and documents to the National Highway Traffic Safety Administration (NHTSA), either voluntarily or in connection with FCA US LLC's obligations under the National Traffic and Motor Vehicle Safety Act of 1966 (Safety Act), 49 U.S.C. § 30101, et. seq.

**14. Jurisdiction.** Unless otherwise agreed or ordered, all provisions of this Order will remain in effect and continue to be binding after the conclusion of the

Action. The Court's jurisdiction to enforce the provisions of this Order will terminate on the final disposition of the Action. But a party may file a motion to seek leave to reopen the Action to enforce the provisions of this Order.

**15. Order Subject to Modification**. The Court may modify the terms and conditions of the Order for good cause, in the interest of justice, or on its own order at any time in these proceedings. This Order may be amended or modified only by the Court.

**Pursuant to Local Rule 5-4.3.4, I, Ryan E. Cosgrove attests that all of the other signatories listed, and on whose behalf the filing is submitted, concur in this filing's content and have authorized the filing.

Dated: February 5, 2020

**NELSON MULLINS RILEY & SCARBOROUGH LLP**

By: */s/ Ryan E. Cosgrove*
Ryan E. Cosgrove

**THOMPSON COBURN LLP**
Kathy A. Wisniewski
Stephen A. D'Aunoy
Thomas L. Azar, Jr.

*Counsel for Defendant FCA US LLC*

Dated: February 5, 2020

**MCGUIRE LAW, P.C.**

By: */s/ Timothy P. Kingsbury*
Timothy P. Kingsbury

**AHDOOT & WOLFSON. PC**
Robert R. Ahdoot

*Counsel for Plaintiffs Kevin Sanders and Kelly Kingston*

**IT IS SO ORDERED.**

Dated: February 06, 2020

Karen E. Scott
The Honorable Karen E. Scott
United States Magistrate Judge

**EXHIBIT A**

**AGREEMENT TO BE BOUND**

I, ____________________________________________________________ [print or type full name], of _____________________________________________ _____________________________________________________________________ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California on __________________ _____, 2020 in the case of *Kelly Kingston, et al. v. FCA US LLC,* Case No. 8:19-cv-01365-JVS-KES. I agree to comply with and be bound by all the terms of this Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment for contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing this Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _________________________________________________ [print or type full name] at ______________________________________________ _____________________________________________________________________ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Order.

__________________________ Date

____________________________________ Printed Name

__________________________ City and State where sworn and signed

____________________________________ Signature

**CERTIFICATE OF SERVICE**

I hereby certify that on February 5, 2020, I electronically filed the foregoing document using the CM/ECF system which will send notification of such filing to the e-mail addresses registered in the CM/ECF system, as denoted on the Electronic Mail Notice List.

By: *__/s/ Ryan E. Cosgrove__*